UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAVENIA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| MIDLAND CREDIT ) | **JURY TRIAL** |
| MANAGEMENT, INC., ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |
| ) | |
| ) | |

## **COMPLAINT**

LAVENIA JONES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC ("Defendant").

### **INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

### **JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Detroit, Michigan.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

8. Defendant is a "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was contacting Plaintiff concerning an alleged consumer debt originally owed to Fingerhut.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes as Plaintiff has no business debt.

12. Between June 2015 and March 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone.

13. Defendants' calls originated from telephone numbers including, but not limited to, (888) 311-2118. The undersigned has confirmed this number belongs to Defendant.

14. When the calls first began Plaintiff told Defendant to stop calling.

15. However, in response, Defendant advised Plaintiff that it would need to collect

2

the debt and resolve the issue.

16. Despite Plaintiff's request for the calls to cease, Defendant continued to call her.

17. Once Defendant was aware its calls were unwanted, continued calls could serve no purpose other than harassment.

18. During these calls, Defendant made threats to pursue legal action against Plaintiff and attach a lien to her property.

19. Upon information and belief, Defendant did not intend to take such action but made this threat with the intent to scare Plaintiff and coerce payment from her.

20. Defendant's calls were also placed at inconvenient times, including prior to 8am and after 9pm.

21. Finally, Defendant contacted Plaintiff's mother seeking information about Plaintiff.

22. As Defendant already had Plaintiff's contact information, contact with her mother could only have been to embarrass and upset Plaintiff.

23. Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and taken with the intent to coerce payment of the disputed debt from Plaintiff.

## COUNT I
## DEFENDANTS VIOLATED § 1692d OF THE FDCPA

24. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25. Defendants violated § 1692d when they placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when they continued to call Plaintiff

3

after being advised that the calls were unwanted; when they called before 8am and after 9pm; and when they contacted Plaintiff's mother after already having been in touch with Plaintiff and knew how to contact her.

## COUNT II
## DEFENDANTS VIOLATED § 1692d(5) OF THE FDCPA

26.  A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27.  Defendants violated § 1692d(5) when they placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone with intent to annoy, abuse, or harass Plaintiff.

## COUNT III
## DEFENDANTS VIOLATED § 1692f OF THE FDCPA

28.  A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

29.  Defendants violated § 1692f when they placed repeated and continuous harassing telephone calls to Plaintiff's cellular telephone; when they continued to call Plaintiff after being advised that the calls were unwanted; when they called before 8am and after 9pm; and when they contacted Plaintiff's mother after already having been in touch with Plaintiff and knew how to contact her.

## COUNT IV
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

30. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

31. Defendant violated § 1692c(a)(1) when it contacted Plaintiff before 8am and after 9pm.

## COUNT V
## DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

32. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

34. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to pursue legal action against Plaintiff and put a lien against her property when it did not intend to take such action against Plaintiff.

WHEREFORE, Plaintiff, LAVENIA JONES, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAVENIA JONES, demands a jury trial in this case.

Respectfully submitted,

DATED: June 15, 2016            By: /s/ Amy L. B. Ginsburg
                                Amy L. B. Ginsburg
                                Kimmel & Silverman, P.C.
                                30 East Butler Pike
                                Ambler, Pennsylvania 19002
                                Phone: (215) 540-8888
                                Facsimile: (877) 788-2864
                                Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT